# MARGARET B. SOWLES, TRUSTEE OF SUSAN B. SOWLES,

v.

# BENJAMIN F. RUGG.

FRANKLIN COUNTY, 1893.

Before: Ross, CH. J., TAFT, ROWELL AND TYLER, JJ.

*Partition of lands. Mortgagee not bound. Acquiescence.*

1. A judgment of partition between joint owners of real estate does not bind the mortgagee of the defendant owner, such mortgagee not being a party to the judgment.

2. Nor does the fact that the mortgagee takes possession of the parcel apportioned to his mortgagor and builds a line fence between that and the other parcel amount to an acquiescence, if at the time of doing so he notifies the other owner that he will not be bound by the judgment.

This was a petition for partition, and was tried by court at the April term, 1892, MUNSON, J., presiding. Upon the the facts found the court gave judgment *pro forma* that the petition be dismissed. The petitioner excepts. The questions decided sufficiently appear in the opinion.

*E. A. Sowles* and *H. A. Burt* for the petitioner.

The judgment of partition in favor of the defendant could not bind the petitioner, who was then a mortgagee and not a party to the judgment. *Colton* v. *Smith*, 2 Pick. 315;

*Duncan* v. *Sylvester*, 16 Me. 388; R. L. § 1,278; *Proctor* v. *Newhall*, 17 Mass. 81; *Monroe* v. *Luke*, 19 Pick. 41.

*Farrington & Post* for the defendant.

The mortgagor Buck was the owner, and a judgment against him barred his mortgagees. *Hooper* v. *Wilson*, 12 Vt. 695; *Wilder* v. *Davenport*, 58 Vt. 642, 648; Jones' Mort., §§ 704, 705, 706.

ROSS, Ch. J.   On the facts found by the trial court the petitioner is entitled to a judgment that partition of the described premises be made, unless such right is defeated by the partition made on the petition of the defendant, of ninety acres, parcel of the described premises.   The facts found in regard to the partition of the ninety acres, on the petition of the defendant, are substantially as follows :   The title of the plaintiff and defendant to the ninety acres had its origin in a mortgage from William Buck, in which they were equally interested.   The defendant took a quit claim from Buck of his right of redemption in one undivided half of the ninety acres ; and while the plaintiff's interest in the other undivided half was that of mortgagee, and while Buck still had the right of redemption therein, the defendant brought a petition for partition of the ninety acres against Buck and the petitioners.   When the petition came before the court, by consent, judgment that partition be made between the defendant and Buck was rendered, and commissioners were appointed, and partition was made between them.   The plaintiffs were made defendants to that petition, but no judgment was ever rendered, nor partition made between plaintiffs and defendant.   The commissioners appointed to make that partition gave the plaintiffs due notice, through their attorney, of the hearing before them.   But the plaintiffs did not attend, and took no part in the hearing.   They were under no duty to attend nor to take part in that hearing, be-

cause the judgment of partition rendered did not run against them, and could not conclude them. The petitioners have now foreclosed the mortgage against Buck. By it they are entitled to an undivided half of the ninety acres. It is contended that the partition between defendant and Buck has concluded the petitioners, and severed and set out the petitioners' right in the premises. At the time of that partition Buck did not and could not represent, nor did he have power to limit or modify the rights now held by the petitioners. He had long before conditionally conveyed those rights by the mortgage deed, which they have now foreclosed against him. He then stood upon his own right—that of a mortgagor, whose right to redeem had not been extinguished. The partition between him and the defendant bound his right to redeem. If he redeemed, it bound all to whom he might thereafter convey his interest. But failing to exercise his right to redeem, the right he had conveyed to the petitioners by the mortgage was absolute and unaffected by the partition made between him and the defendant. It is not necessary to consider whether that partition would have bound the plaintiffs if the judgment had been against them also; for now the plaintiffs stand upon a right, conditional then, absolute now, not then in Buck, because conveyed by his deed of mortgage, and which he had no power to represent or bind.

The defendant further contends that the plaintiffs have so acquiesced in the partition made between him and Buck that they are bound thereby. The defendant called upon them to have the division fence, made necessary by the partition, divided between him and the plaintiffs after Buck's right of redemption was foreclosed. When so called upon they notified the defendant they were about to bring this petition for partition. Although for the purposes of occupation they built their part of the fence, yet, when this notice had been given, the defendant could not have understood

that they acquiesced in the partition made between him and Buck, neither could he have been misled by what they did in building the fence or occupation. Neither is it found that the defendant, in fact, has done or omitted to do anything in regard to the premises by reason of their having built a portion of this fence, and occupied the portion set off to · Buck. No question is made but that the remaining parcel of the described premises should be divided in connection with the ninety acres.

*Judgment reversed; judgment that partition be made as prayed for, and cause remanded.*